**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

LISA MCLOUGHLIN,                          *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *                    CASE NO.  1:23cv159 TBM-RPM
                                          *
SAM'S EAST, INC., INDIVIDUALLY            *
AND D/B/A "SAM'S CLUB"                     *
SAMS'S WEST, INC., INDIVIDUALLY           *
AND D/B/A "SAM'S CLUB"                     *
                                          *
        Defendants.                       *

<u>**NOTICE OF REMOVAL**</u>

TO:    THE UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI
       SOUTHERN DIVISION

        Defendants, Sam's East, Inc. and Sam's West, Inc., (hereinafter "Sam's"), give notice pursuant

to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison

County, Mississippi, to the United States District Court for the Southern District of Mississippi,

Southern Division.  As grounds for this removal, Defendants show as follows:

        1.      An action was commenced against Sam's in the Circuit Court of Harrison County,

Mississippi, entitled *"Lisa Mcloughlin*, Pla*intiff v. Sam's East, Inc. and Sam's West, Inc."* Civil Action

No. 24CI1:23-CV-00054.   The state court file attached hereto as "Exhibit A" was filed in this action.

        2.      According to the Circuit Clerk's office for the Circuit Court of Harrison County,

Mississippi, service of the initial pleading setting forth Plaintiff's claims for relief was affected upon

Sam's on June 1, 2023, which was Sam's first actual notice of this action.

3.      This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, after receipt by the Defendant of other papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4.      This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi.  In her Complaint, Plaintiff states that she is a resident of Mississippi.  (Complaint, ¶ I.)

6.      Defendants, Sam's East, Inc. and Sam's West, Inc., are now and were at the commencement of this action, organized under the laws of the State of Arkansas, with their principal places of business in Arkansas.

7.      Plaintiff's Complaint seeks unspecified compensatory damages for personal injuries Plaintiff, Lisa Mcloughlin, allegedly sustained when she fell in a spill at Sam's, including "serious injuries" to her tailbone, a compressed vertebrae, left hand pain and back pain and seeks damages for past, present and future medical expenses, past, present and future pain and suffering, past, present and future emotional distress, past and future loss of wages, and loss of enjoyment of life. (Complaint, ¶s X and XI.)

8.      On August 26, 2021, Plaintiff's counsel sent a pre-suit demand letter to Sam's alleging that Plaintiff sustained injuries to her tail bone, a compressed vertebrae and left hand pain which necessitated medical treatment as the direct and proximate result of her incident at Sam's with medical

expenses in the amount of Thirteen Thousand, Six Hundred Fifty-Three and 79/100 Dollars ($13,653.79). Plaintiff's counsel demanded the amount of Four Hundred Thousand Dollars ($400,000.00) to settle this matter. (Exhibit "B").[1]

9.     The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 352 F.3d 636, 638-39 (5th Cir. 2003).  . "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional." *Dart v. Cherokee Basin Operating Co. v. of Owens*, 135 S. Ct. 547, 554 (2014). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways: By contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)(quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). *See also Brookins v. State Farm Mutual Automobile Insurance Company,* 2021 WL 1233474 * 4 (S.D. Miss. March 31, 2021)

---

[1] Sam's has not attached Plaintiff's billing records as an exhibit to protect Plaintiff's privacy. Redacted copies of those records will be provided to the Court upon request.

10.     This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

11.     Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

12.     If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this June 30, 2023.


*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Sam's West, Inc. and Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon counsel as listed below by E-Mail or by depositing the same in the U. S. Mail, postage prepaid and properly addressed on this the 30th day of June, 2023.

Christopher E. Fitzgerald
Morris Bart, LTD
1712 15th Street
Suite 300
Gulfport, MS   39501

*/s/ W. Pemble DeLashmet*
OF COUNSEL